IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DR. TODD CORELLI, an individual,<br><br>Plaintiff,<br>v.<br><br>STAXX, LLC, an Idaho limited liability company,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-4 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

Defendant STAXX, LLC (Staxx) is an Idaho limited liability company that focusses on marketing digital services and social media campaigns. Plaintiff, Dr. Todd Corelli, is a clinical psychologist. Corelli hired Defendant for its marketing services, but their agreement went south, and this litigation ensued. Defendant moves the court to dismiss under 12(b)(2) for lack of personal jurisdiction and 12(b)(3) for improper venue.[1] In the alternative, Defendant asks this court to transfer venue to the Federal District of Idaho. Having considered the record and the parties' briefing, the court finds that Plaintiff has not met the burden of making a prima facie showing that the court has personal jurisdiction over any Defendant, and therefore grants the Motion to Dismiss.[2]

---

[1] ECF No. 6.

[2] The parties consented to the jurisdiction of the undersigned in accordance with the Local Rules and 28 U.S.C. §636(b)(1)(C). Docket no. 13. The court finds oral argument is unnecessary to the disposition of the current motion and decides it based on the written memoranda. DUCivR 7-(g).

BACKGROUND[3]

Corelli is a Utah resident with a Utah-based psychology practice. He has focused on treating youth and families and recently developed a series of online parenting courses aimed at helping parents. Staxx offers marketing services including YouTube and social media centered marketing campaigns. Staxx's members are Marly Jaxx and Steve Larsen. In 2021, Corelli contacted Marley Jaxx about marketing his parenting courses. Initially Jaxx declined, however, in late December 2021, Corelli hired Staxx and the parties entered a "Lead Machine Service Agreement." Corelli paid Staxx $120,000 up front for services which included a "VIP Done for You YouTube Service." As part of this VIP service Staxx was to create a YouTube channel for Corelli. In essence, Staxx agreed to oversee and manage the online marketing campaigns for Corelli while Corelli focused on his professional practice. In addition to creating a YouTube channel for Corelli, the services included engaging with potential customers via Corelli's social media accounts. Corelli also paid additional money for online marketing funnels and related content.

After entering into the agreement, Plaintiff asserts Staxx provided flawed and substandard work. This required editing from Corelli and his team to prevent errors. For example, links to Corelli's courses were broken or nonfunctional and certain customers received half of Corelli's products for free rather than receiving a small sample. In late 2022, Staxx misused Corelli's Facebook account to join a large Facebook group for single parents by alleging he was single. Corelli faced negative publicity once the group members discovered he was not a

---

[3] The facts are taken from Plaintiff's complaint. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(2) the court accepts the well-pleaded allegations in the complaint as true to determine whether a plaintiff has made a prima facie showing that personal jurisdiction exists. *See AST Sports Science, Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1056-57 (10th Cir.2008) ("Where a district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion.").

single parent. The group members became angry and accused Corelli of using unprofessional and unethical methods to obtain new clients.

Based on these failures Corelli reached out to Staxx and sought a full refund. Initially Staxx allegedly agreed to a refund, but later changed course. This lawsuit followed. Plaintiff brings claims for breach of contract, breach of the covenant of good faith and fair dealing, breach of a duty of care, and tortious interference with prospective economic relations. Defendant moves to dismiss under Rules 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and for improper venue. In the alternative, Defendant moves the court to transfer this matter to the District of Idaho where the "vast majority of witnesses reside" and where Staxx's principal place of business is located.

DISCUSSION

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment."[4] Here, Utah law governs the issue.[5]

Because Staxx contests the jurisdiction of this court, Corelli bears the burden of establishing that jurisdiction is proper.[6] Although Corelli bears the burden of establishing

---

[4] *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir.1995).

[5] *Soma Medical Intern. v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir.1999).

[6] *Cody Grp., L.L.C. v. Riverbank Oil Transfer, L.L.C.*, No. 2:05 CV 964 TC, 2006 WL 8459278, at *2 (D. Utah Sept. 6, 2006).

personal jurisdiction, only a prima facie showing is needed.[7] And, the burden to do so is relatively light at this stage of the proceedings.[8]

In response to Staxx's motion, Corelli only addresses specific personal jurisdiction and not general personal jurisdiction.[9] Thus, the court looks to whether specific personal jurisdiction exists here. As set forth by the Tenth Circuit:

> [T]he evaluation of specific jurisdiction in Utah mandates a three-part inquiry: '(1) the defendant's acts or contacts must implicate Utah under the Utah long-arm statute; (2) a 'nexus' must exist between the plaintiff's claims and the defendant's acts or contacts; and (3) application of the Utah long-arm statute must satisfy the requirements of federal due process.[10]

Plaintiff cites to the Utah long-arm statute asserting specific jurisdiction exists. Utah's long-arm statute provides:

> any person or personal representative of the person, … who, in person or through an agent, does any of the following enumerated acts is subject to the jurisdiction of the courts of this state as to any claim arising out of or related to:
>
> (1) the transaction of any business within this state;
> (2) contracting to supply services or goods in this state;
> (3) the causing of any injury within this state whether tortious or by breach of warranty;[11]

The Utah legislature declared that the long-arm statute is to be interpreted broadly "so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution."[12] Courts have often

---

[7] *STV Intern. Marketing v. Cannondale Corp.*, 750 F. Supp. 1070, 1072-73 (D. Utah 1990) (citing *Rambo v. American Southern Insurance Co.*, 839 F.2d 1415, 1417 (10th Cir.1988)).

[8] *See id.*

[9] The Tenth Circuit has noted that for general personal jurisdiction to exist, "'the defendant must be conducting substantial and continuous local activity in the forum state.'" *Soma Med. Int'l*, 196 F.3d at 1295 (quoting *Arguello v. Woodworking Mach. Co.*, 838 P.2d 1120, 1122 (Utah 1992)). The record here is void of "substantial and continuous local activity" in Utah.

[10] *Soma Med. Int'l*, 196 F.3d at 1297 (internal quotation omitted).

[11] Utah Code Ann. § 78B-3-205.

[12] Utah Code Ann. § 78B-3-201.

found it helpful to consider due process first, "because any set of circumstances that satisfies due process will also satisfy the long-arm statute."[13]

The Due Process Clause of the Fourteenth Amendment permits a federal court sitting in diversity to "exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state."[14] Those contacts must be such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice."[15] "The sufficiency of a defendant's contacts must be evaluated by examining the defendant's conduct and the connections with the forum state to assess whether the defendant has 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State.'"[16] The court first considers whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."[17] And second, "if the defendant's actions create sufficient minimum contacts, [the court] must then consider whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice."[18]

Plaintiff argues Staxx is subject to jurisdiction in Utah because "it transacted business in Utah, contracted to supply services in Utah, accepted substantial [payment] for consideration of

---

[13] *Sys. Designs, Inc. v. New Customware Co*., 248 F. Supp. 2d 1093, 1097, 2003 WL 940804 (D. Utah 2003) (citing *SII MegaDiamond, Inc. v. American Superabrasives Corp*., 969 P.2d 430, 433 (Utah 1998)).

[14] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[15] *Id*.

[16] *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc*., 820 F.2d 1127, 1130-31 (10th Cir. 1987) (brackets in original) (quoting *Hanson v. Denckla*, 357 U.S. 235, 237 (1958)).

[17] *World-Wide Volkswagen Corp.* 444 U.S. at 297.

[18] *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir.1998) (quotations omitted); *see also Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1276–77 (10th Cir. 2005) (performing two step analysis).

those services, and caused injury to … Corelli in Utah."[19] The record supports Plaintiff's position that there was a business relationship entered into by the parties. Yet, Plaintiff's actions cannot be the barometer of whether Staxx "purposefully availed" itself of conducting activities in Utah. Rather, the court considers Defendant's conduct and connections to this forum.[20] Corelli contacted Defendant via a website that is not targeted at Utah and based on Staxx member Marley Jaxx's unrefuted declaration, it was Plaintiff who sent an email to Jaxx begging that he be taken as a client.[21] Staxx made no direct marketing efforts toward Utah, it does not own or rent any property in Utah, nor does it have a mailing address, accounts, or other operations in Utah. The contract was prepared and signed by Plaintiffs in Utah and then signed by Staxx in Idaho where it is located. This created some contact with this forum, yet this contact alone is insufficient to establish personal jurisdiction.[22]

The services supplied by Staxx as part of the agreement were performed in Idaho and Staxx did not travel to Utah to fulfill or perform those services. For example, the record reflects that when filming was needed as part of the parties' agreement, that filming was done in Idaho with Plaintiff travelling there instead of filming in Utah. In sum, the record does not reflect that Staxx had sufficient minimum contacts with this forum. Thus, "traditional notions of fair play and substantial justice" would be offended if the court exercised jurisdiction in this case. Plaintiff's stated authority suggesting otherwise is not persuasive on the instant facts.

---

[19] Op. p. 9, ECF No. 9.

[20] *First City Bank*, 820 F.2d at 1130-31.

[21] Second Decl. of Marley Jaxx Ex. A. ("my full intention would be to keep working with you at that level after those 6 months. If you don't want to do this, I am willing to beg :)").

[22] *Rambo v. American Southern Insurance Co.*, 839 F.2d 1415, 1418–19 (10th Cir. 1988) (citing other Circuit Courts for the principle that ordinarily use of the mail or telephone does not alone establish basis for jurisdiction).

In *Pro Axess, Inc. v. Orlux Distribution, Inc.*[23] the party resisting jurisdiction solicited assistance by a party located in Utah, services necessary for their contract were to be performed in Utah, and by procuring those services in Utah through a continuing relationship, the court found the party had purposefully availed itself of conducting activities in Utah. The facts here are opposite. Plaintiff reached out to Staxx located in Idaho and the services were performed in Idaho, not Utah. In similar fashion, the court in *Cody Group, LLC v. Riverbank Oil Transfer, LLC.*,[24] noted as part of its analysis in finding personal jurisdiction that the defendant submitted payments to the plaintiff in Utah. In contrast, payments here were directed toward Staxx located in Idaho. The actions of Staxx here do not support the kind of minimum contacts noted in these cases.

Accordingly, the court holds there are insufficient minimum contacts by Defendant to this forum and exercising personal jurisdiction would offend the traditional notions of fair play and substantial justice.[25]

---

[23] 428 F.3d 1270.

[24] 2006 WL 8459278.

[25] *STV Intern. Marketing*, 750 F. Supp. at 1078 (holding that the defendants "very few contacts with the Utah forum" did not establish personal jurisdiction).

ORDER

For the foregoing reasons, Defendant's Motion to dismiss under Fed. R. Civ. P. 12(b)(2)

for lack of personal jurisdiction is GRANTED. This action is dismissed without prejudice.[26]

IT IS SO ORDERED.


DATED this 30 November 2023.


_____

Dustin B. Pead
United States Magistrate Judge

---

[26] The Tenth Circuit has made it clear that "dismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006). *See also Birch v. Sprint/Nextel Corp.*, 675 F. App'x 821, 825 (10th Cir. 2017) (affirming the district court decision that it lacked personal jurisdiction, but reversing its decision to dismiss with prejudice because a court lacking jurisdiction cannot dispose of the case on the merits).